GEORGE E. WALLACE, in equity, *vs.* ALFRED W. STEVENS *et als.*

Waldo, 1876.—October 5, 1876.

*Mortgage.*

The plaintiff made a demand on the mortgagee at a store two miles from his residence to render an account, under R. S., c. 90, § 13, to which the reply was that about eleven hundred dollars was due on the mortgage; and when

requested to render a more particular account, he replied that he would not until obliged. No objection was taken to the place where the demand was made. The parties were acquainted with each other. The mortgagee shortly after left the state and did not return. Four years intervened between the demand and the suit. *Held*, that under the circumstances the demand was sufficient.

BILL IN EQUITY inserted in a writ of attachment, dated December 13, 1875, brought to redeem certain lands from a mortgage thereon. Most of the allegations of the bill are identical with those in the suit *Wallace et als.* v. *Stevens et als.*, 64 Maine, 225.

*G. E. Wallace, pro se.*

*J. Williamson*, for the defendants.

To constitute a demand and refusal sufficient to support a bill of this nature, such demand must be made in respect to time and place that the mortgagee may have an opportunity to render his account. *Willard* v. *Fisk*, 2 Pick. 540. *Putnam et al.* v. *Putnam*, 13 Pick. 129. *Roby* v. *Skinner*, 34 Maine, 270.

In the case at bar, the alleged demand was made on the mortgagee, in a store, two miles from his residence, late in the afternoon of almost the shortest winter's day. No time or place was fixed for receiving the account, by mail or otherwise. It hardly seems the duty of a mortgagee to follow up a mortgageor under such circumstances. Why should not the common law requirement concerning rent, that a demand must be made upon the premises, obtain?

APPLETON, C. J. This is a suit brought to redeem a mortgage given to the defendant Stevens by one Harrison Stevens. The plaintiff's title to the equity of redemption is not controverted.

The only objection taken to the maintenance of the plaintiff's bill is that no sufficient demand was made on the mortgagee to render an account.

The evidence shows that the plaintiff made a demand on the mortgagee at a store two miles distant from his residence to render an account, to which the reply was that about eleven hundred dollars was due on the mortgage, and when requested to render a more particular account he replied that he would not until obliged. No objection was taken to the place where the demand was made.

No further time was asked. The parties were acquainted with each other. The mortgagee has never since rendered any account, but shortly after left the state and has not since returned.

The demand for an account was made December 26, 1871. The bill was commenced December 13, 1875, so that the mortgagee had ample time to render an account had he chosen to do it.

The bill is sustained, the demand being sufficient under the circumstances.                    *Bill sustained with costs.*

DICKERSON, BARROWS, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.